IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARTINA EVANS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DLB-21-2286 |
| SHIPLEY HOMESTEAD HOMEOWNERS, ASSOCIATES, INC., | * | |
| | * | |
| Defendants. | | |

***

**MEMORANDUM OPINION**

In this action, self-represented plaintiff Martina Evans is suing the homeowners' association ("HOA") of her townhouse community in Hanover, Maryland and other defendants for violating Maryland law and the HOA's rules and regulations by denying her use, access, and rental of the community clubhouse while it is closed due the COVID-19 pandemic. ECF 1. She seeks $500,000 in damages and injunctive relief. Plaintiff also filed a motion for leave to proceed in forma pauperis, which will be denied based on the financial information she has submitted. However, providing plaintiff additional time to submit the $402 civil filing fee would only serve to delay resolution of this matter because the complaint does not adequately plead the basis for this Court's subject matter jurisdiction. Accordingly, this case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

A federal district court does not hear all cases. Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1).   The Court has "an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action."). The party filing suit in this Court bears the burden of establishing the Court's subject matter jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96. This Court must construe liberally complaints filed by self-represented plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

This Court has diversity jurisdiction, with certain class action exceptions not relevant here, when there is "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of determining whether there is diversity, a natural person is deemed a citizen of the State in which he or she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). A corporation is deemed a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). An unincorporated association is deemed a citizen of any state in which any of its members is a citizen. *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir. 1983).

Plaintiff filed this suit based on diversity jurisdiction, but on the face of the complaint, there is not complete diversity of the parties. ECF 1; ECF 1-1. Plaintiff provides Maryland addresses for herself and three of the four defendants, Shipley Homeowners Association, Inc.; Shipley Homestead Partners, LLC; and Comsource Management. Thus, for purposes of diversity jurisdiction, plaintiff and these defendants all appear to be citizens of Maryland. Plaintiff has not

met her burden to show complete diversity of citizenship among the parties. Moreover, Plaintiff has failed to establish any other basis for federal jurisdiction, as she brings only state law claims and does not present a federal question. Accordingly, the Court must dismiss the complaint without prejudice for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). This dismissal does not prejudice plaintiff's right to present this claim in the Maryland state courts. A separate Order follows. !

September 23, 2021
Date

_____
Deborah L. Boardman
United States District Judge